# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| **RONALD M. LELEAUX, JR.** | **CIVIL ACTION NO. 09-0618** |
| VS. | **SECTION P** |
| **WARDEN OUACHITA PARISH CORRECTIONAL CENTER** | **JUDGE JAMES** <br> **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

*Pro se* petitioner Ronald M. Leleaux, Jr., proceeding *in forma pauperis*, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 on April 6, 2009. Petitioner is a pre-trial detainee at the Ouachita Parish Correctional Center, Monroe, Louisiana. He is awaiting trial on charges of simple battery, domestic abuse, and false imprisonment which are pending in the Fourth Judicial District Court. Petitioner claims that he is entitled to be released from custody and from his bond obligation because the prosecution has violated his speedy trial rights. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the petition [rec. doc. 1] be **DISMISSED WITHOUT PREJUDICE** because petitioner failed to exhaust all available state court remedies.

### *Background*

On May 25, 2006, plaintiff was convicted of being in possession of a firearm after having been convicted of a misdemeanor domestic violence crime (see 18 U.S.C. §922(g)(9)) in the United States District Court for the Middle District of Louisiana; he was sentenced to serve 41 months imprisonment and thereafter 3 years supervised release. See *United States v.Ronald*

*Leleaux*, No. 3:05-cr-00195. Plaintiff was released from prison and commenced his term of supervised release on August 8, 2008.[1]

On October 18, 2008, he was arrested and charged with simple battery, domestic abuse, and false imprisonment by the West Monroe Police Department. A bill of information charging him with those offenses was filed in the Fourth Judicial District Court on November 13, 2008. A teleconference hearing was convened on December 17, 2008, before Judge Traylor. (Plaintiff claims that he was not arraigned at this hearing; however, he does not otherwise explain what, if any, action was taken.) [rec. doc. 1, ¶1 and 2]

On October 22, 2008, the United States District Court for the Middle District of Louisiana transferred jurisdiction for supervision of release to this Court. See *United States v. Leleaux*, 3:08-cr-00315 at rec. doc. 1. On October 24, 2008, the United States Probation Office filed a petition for warrant or summons for revocation of petitioner's supervised release and an arrest warrant issued thereafter. [*Id*., rec. docs. 2-4] On November 10, 2008, the Federal Public Defender was appointed to represent petitioner. [*Id*., rec. docs. 5-6]

On some unspecified date, petitioner filed a motion for a speedy trial pursuant to La. C.Cr.P. art. 701 alleging that he had not been arraigned within 60 days of the filing of the bill of information. According to plaintiff, he raised the speedy trial issue on December 17, 2008, January 7, 2009, January 14, 2009, January 25, 2009, and February 25, 2009. On February 25, 2009, a hearing was convened before Ad Hoc Judge John R. Harrison. According to petitioner, at the conclusion of the hearing, Judge Harrison took the matter under advisement. On March 3, 2009, Judge Harrison denied petitioner's motion for speedy trial. Judge Harrison ruled that "...

---

[1] See Federal Bureau of Prisons, on line Inmate Locator, at http://www.bop.gov/iloc2/LocateInmate.jsp

defendant on Nov 7, 2008, filed a *pro se* waiver of arraignment..."

On some unspecified date petitioner filed an application for writ of mandamus in the Second Circuit Court of Appeals. Unspecified pleadings were "intercepted" by Second Circuit Staff Director William Lowe on two different occasions in March 2009 because, according to Lowe, petitioner failed to follow court rules. Petitioner apparently did not thereafter seek further review in either the Second Circuit Court of Appeals or the Louisiana Supreme Court.

On March 23, 2009, petitioner's supervised release was revoked and he was ordered to serve one year and one day in the custody of the Federal Bureau of Prisons. [3:08-cr-00315 at rec. doc. 24] He filed a Notice of Appeal on March 25, 2009. [*Id.*, rec. doc. 27] On April 6, 2009, he filed a pleading styled "Custody Writ/C.F.T.S." requesting that he be remanded out of state custody and back to federal custody to serve his federal sentence. He also requested credit for time served in state custody. [*Id.*, rec. doc. 29] On April 14, 2009, his motion was denied. [*Id.* rec. docs. 32-33] In due course appellate counsel was appointed [*id.*, rec .doc. 38] and petitioner's appeal was lodged and remains pending in the United States Fifth Circuit Court of Appeals.

Petitioner filed the instant *pro se* petition for *habeas corpus* on April 6, 2009. Petitioner prayed for an order directing the Fourth Judicial District Court to release him. [rec. doc. 1, p. 6]

On April 17, 2009, petitioner filed a *pro se* application for writ of *habeas corpus* (28 U.S.C. §2241) attacking his federal conviction on the grounds that the underlying domestic violence charge which supported the conviction for possession of a firearm after having been convicted of a misdemeanor domestic-violence crime had been dismissed and expunged. See *Ronald M. Leleaux, Jr. v. United States of America*, No. 3:09-cv-0667.

On May 5, 2009, using the docket number assigned to the instant suit, petitioner filed another form petition attacking his federal conviction on the same grounds as alleged in No. 3:09-cv-0667. [See 3:09-cv-0618 at rec. doc. 3] In an accompanying letter, petitioner implied that he thought the filing was inappropriate since he was attacking his continued custody on the pending state court charges. [rec. doc. 3, p. 6, "I am appreciatively in receipt of correspondence from you in case # 3:09-cv-0618. However, I notice it is a §2241. I am in state custody in which I believe to be illegal..."]

*Law and Analysis*

*1. The Original Petition [rec. doc. 1]*

Petitioner is a pre-trial detainee who is challenging his continued custody as he awaits trial on misdemeanor charges in a Louisiana state court. Thus, this petition is properly construed as seeking relief pursuant to 28 U.S.C. § 2241, which applies to persons in custody awaiting trial who have not yet been convicted. *Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998); *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir.), *cert. denied*, 484 U.S. 956, 108 S.Ct. 352, 98 L.Ed.2d 378 (1987) (Section 2254 applies only to post-trial situations and affords relief to a petitioner 'in custody pursuant to the judgment of a state court.' Pretrial petitions are properly brought under §2241, 'which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him.'); and *Robinson v. Wade*, 686 F.2d 298, 302-03, 303 n. 8 (5th Cir.1982) ("Robinson's petition is properly considered to arise under 28 U.S.C. s 2241(c)(3), allowing the writ of *habeas corpus* to petitioners 'in custody in violation of the Constitution,' rather than under 28 U.S.C. s 2254(a), which requires that custody be 'pursuant to the judgment of a state court.'")

The requirement of exhaustion of state court remedies in a federal *habeas corpus* proceeding filed pursuant to 28 U.S.C. §2254 is well established. A petitioner seeking federal *habeas corpus* relief cannot collaterally attack his state court conviction in federal court until he has exhausted available state remedies. *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198 (1982); *Minor v. Lucas,* 697 F.2d 697 (5th Cir. 1983). The exhaustion requirement is a judicial abstention policy developed "to protect the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdictions as well as to limit federal interference in the state adjudicatory process." *Dickerson*, 816 F.2d at 225; *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509 (1971); *Shute v. Texas,* 117 F.3d 233 (5th Cir. 1997). In order to satisfy the exhaustion requirement, the petitioner must have provided all state courts that could review the matter with a fair opportunity to review all of the *habeas corpus* claims. *Anderson v. Harless*, 459 U.S. 4, 103 S.Ct. 277 (1982); *Picard*, 404 U.S. 270.

With regard to *habeas* petitions filed under 28 U.S.C. §2241 by pre-trial detainees, there is no express statutory requirement that the detainee exhaust state court remedies prior to asserting his claims in federal court. However, a body of jurisprudential law requires persons seeking such relief pursuant to §2241 to first exhaust state court remedies before seeking federal intervention. *Dickerson*, 816 F.2d at 224-225; *Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 489-90, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973); *Robinson v. Wade*, 686 F.2d at 303, n. 8 ("Although section 2241 contains no statutory requirement of exhaustion like that found in section 2254(b), exhaustion of state remedies has been held a necessary prelude to its invocation.")

Louisiana provides a remedy to pre-trial detainees who wish to contest the legality of

5

their custody. See La. C.Cr.P. arts. 351 *et seq*. Louisiana also provides a statutory remedy for the violation of a criminal defendant's right to a speedy trial. See La. C.Cr.P. art. 701. Petitioner has availed himself of the latter remedy and his claims were rejected based on the trial court's factual determination of waiver. Petitioner thereafter sought some form of review in the Second Circuit Court of Appeals, but his inexpert pleadings were rejected on procedural grounds. Petitioner did not thereafter seek review in Louisiana's Supreme Court which has supervisory jurisdiction over both the Second Circuit Court of Appeals and the Fourth Judicial District Court.

Before he may seek federal *habeas* relief, petitioner must present his speedy trial claim to the Louisiana Supreme Court in a procedurally appropriate manner. Petitioner claims that the remedies afforded by Louisiana are ineffective. However, his conclusory assertion is no substitute for a *bona fide* <u>attempt</u> to exhaust state remedies. As noted above, to satisfy the exhaustion requirement, the petitioner must have provided <u>all</u> state courts that could review the matter with a fair opportunity to review his claims. Petitioner has not properly invoked the jurisdiction of either the Second Circuit Court of Appeals or the Louisiana Supreme Court, both of which are empowered with supervisory jurisdiction over the lower courts. His federal *habeas corpus* petition must be dismissed absent proof on petitioner's part that he fairly presented his speedy trial claim to the Fourth Judicial District Court, the Second Circuit Court of Appeals, and the Louisiana Supreme Court.

## *2. The Amended Petition [rec. doc. 3]*

The original petition attacks petitioner's continued pre-trial detention as he awaits trial on charges pending in Louisiana's Fourth Judicial District Court. His amended petition [rec. doc. 3] collaterally attacks his federal conviction in the United States District Court for the Middle

6

District of Louisiana. The amended petition raises issues and claims virtually identical to those raised in a pending *habeas corpus* filed under in Case Number 3:09-cv-0667. Based upon the available evidence, it appears that this pleading [rec. doc. 3] was inadvertently filed in the instant suit. Therefore, the undersigned will order the pleading stricken from this suit record.

*3. Conclusion, Order, and Recommendation*

Therefore,

Petitioner's Amended Petition [rec. doc. 3] is hereby **STRICKEN** as inadvertently filed in the instant suit AND as duplicative of the petition filed in Civil Action No. 3:09-cv-0667; and, further,

**IT IS RECOMMENDED** that petitioner's pre-trial *habeas corpus* petition filed pursuant to 28 U.S.C. §2241 be **DISMISSED WITHOUT PREJUDICE** for failing to exhaust available state court remedies.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See*

*Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, May 13, 2009.

                                           _____
                                           KAREN L. HAYES
                                           U. S. MAGISTRATE JUDGE